IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FREDERICK W. B.,
                    Plaintiff[1],

        v.

FRANK BISIGNANO, Commissioner of
Social Security,
                    Defendant.

No: 1:25-cv-93–MSN-WBP

## ORDER

This matter comes before the Court on Plaintiff Frederick Wesley Brown's Objections to the Report and Recommendation of the Magistrate Judge ("Objections") (ECF 15) and Defendant Frank Bisignano's response thereto (ECF 17). The Magistrate Judge has recommended that the Court deny Plaintiff's Motion for Summary Judgment (ECF 7), grant the Defendant's Motion for Summary Judgment (ECF 9), and affirm the final decision of the Commissioner of the Social Security, denying Plaintiff disability insurance benefits for the period from October 9, 2021, through January 12, 2024. ECF 14 at 18, 19. The Court has reviewed the Report and Recommendation ("R&R"), the parties' submissions, and the record herein.[2] For the following reasons, the Court OVERRULES the Objections, APPROVES AND ADOPTS in full the Report and Recommendation ("R&R") (ECF 14), DENIES Plaintiff's Motion for Summary Judgment (ECF 7), and GRANTS Defendant's Motion for Summary Judgment (ECF 9).

---

[1]    The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that federal courts use only the first name and last initial of any non-government parties in Social Security cases due to privacy concerns endemic to such cases.

[2]    As an initial matter, the Court finds that the Magistrate Judge accurately detailed the procedural history and factual background of this case in the R&R, and neither party has objected to the facts as discussed by the Magistrate Judge. Accordingly, the Court adopts those findings in full and will not recount them beyond what is stated immediately below and as necessary for this Court's analysis.

## I.    LEGAL STANDARD

A district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). A proper objection is "sufficient[ly] specific [ ] so as reasonably to alert the district court of the true ground for the objection." *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (cleaned up). For portions of the R&R for which no proper objection is made, a district court need review only for clear error. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In reviewing a final administrative decision, a reviewing court "must uphold the factual findings of the [ALJ] if they are supported by substantial evidence and were reached through application of the correct legal standard." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (citation omitted). Substantial evidence thus requires "more than a mere scintilla," but requires no more than "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berrhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). "'In reviewing for substantial evidence, [district courts] do not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute our judgment' for the ALJ's." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)).

## III.   DISCUSSION

Plaintiff has objected to the R&R on two fronts. First, he argues that the R&R erred in concluding that the ALJ properly assessed the opinion of consultative examiner Dr. Karen Russell. ECF 15 at 1, 2. Second, he asserts that the R&R failed to "evaluat[e] the ALJ's compliance with 20 C.F.R. § 404.1529 and SSR 16-3p" and "appears to rely too heavily on the substantial evidence standard to the exclusion of adequately screening for legal error." *Id*. at 2–4. Plaintiff claims that the ALJ's failures to comply with 20 C.F.R. § 404.1520c(b)(2) and 20 C.F.R. § 404.1529 and SSR

2

16-3p is not harmless because "had the ALJ properly considered either Dr. Russells' assessment or Plaintiff's subjective allegations," the ALJ would have been required to conclude that Plaintiff was disabled. *Id*. at 4.

Before proceeding further, the Court observes that the first objection closely resembles one of the principal arguments that Plaintiff advanced in prior briefing on the parties' summary judgment motions. *See, e.g.*, ECF 6 at 6–9; ECF 13 at 1–4. Accordingly, review of the portions of the R&R relevant to that objection for "clear error" is warranted. *John R. v. Kijakazi*, 2023 WL 2682358, at *2 (E.D. Va. March 29, 2023). As to the second objection, it is true that the R&R did not refer to 20 C.F.R. § 404.1529 and SSR 16-3p by name, but the R&R nevertheless identified and applied the appropriate two-step process for evaluating Plaintiff's subjective statements about his impairments and symptoms and reviewed the ALJ's opinion for a "logical bridge" explanation, and such was the subject of Plaintiff's other main argument in the prior briefing. *See* ECF 14 at 15–17 (citing *Ladda v. Berryhill*, 749 F. App'x 166, 170 (4th Cir. 2018)); ECF 6 at 9-12; ECF 13 at 4–5. Accordingly, review of the parts of the R&R relevant to the second objection for "clear error" is also appropriate. In any case, for the reasons discussed below, neither objection bears fruit under a de novo standard.

### A. First Objection

Plaintiff objects to the R&R's determination that the ALJ's persuasiveness analysis of Dr. Russell's opinions was flawed and did not provide any "clue as to why the physical restrictions assessed by Dr. Russell were omitted from the RFC" and offered no "reason to reject Dr. Russell's opinion that Plaintiff needs to work in a seated position due to the pain he experiences when standing or walking." ECF 15 at 2.

As the Magistrate Judge correctly observed, an ALJ's opinion must "include a discussion of which evidence the ALJ found credible and why, and [the] specific application of the pertinent

3

legal requirements to the record evidence." *Radford v. Colvin*, 734 F. 3d 288, 295 (4th Cir. 2013). An ALJ must "build an accurate and logical bridge from the evidence to his conclusion" but is not required to "specifically refer to every piece of evidence in [their] decision." *Turner v. Comm'r Soc. Sec.*, 2024 WL 274722, at *4 (4th Cir. May 30, 2024) (citing *Brown v. Comm'r Soc. Sec. Admin.*, 873 F. 3d 251, 269 (4th Cir. 2017); *Thomas v. Berryhill*, 916 F. 3d 307, 311 (4th Cir. 2019)).

Under the prevailing regulations, an ALJ is required to evaluate the persuasiveness of each medical opinion or prior administrative finding in the record using the factors at 20 C.F.R. § 404.1520c(c) including supportability, consistency, relationship with the claimant, specialization, and other factors. Of these, supportability and consistency are the most important, and the ALJ is required to explain how those two factors were considered in assessing a medical opinion's persuasiveness, even though they are not required to explain the consideration of the others. *Id*. § 404.1520c(a), (b)(2). "Supportability" means that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinions . . . will be." 20 C.F.R. § 404.1520c(c)(1). "Consistency" means that, "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2). Supportability and consistency need only be articulated at the "source level" and the ALJ is not required to state how he considered every opinion or finding from one medical source individually but may consider the source's opinions "together using the factors." 20 C.F.R. § 404.1520c (a), (b)(1); *Angela U. v. Kijakazi*, 2022 WL 3207455, at *8 (E.D. Va. July 19, 2022), *R&R adopted*, 2022 WL 3161896 (E.D. Va. Aug. 8, 2022).

In his prior briefing, Plaintiff asserted that the ALJ inadequately explained his rejection of Dr. Russell's opinion that "given Plaintiff's pain that is present when he is standing and walking, he would likely benefit from work responsibilities that involve him to be in a seated position," instead limiting Plaintiff in his RFC to light work including standing or walking for four hours in an eight hour workday. ECF 6 at 7. Plaintiff complained that the ALJ's analysis referred only to Dr. Russell's analysis of Plaintiff's mental impairments (which the ALJ found persuasive) and offered no clue how the ALJ's supportability and consistency analysis led to the conclusion that Dr. Russell's physical restriction was unpersuasive. *Id*. at 7.

By way of background, the administrative record indicates that Dr. Russell is a psychologist who performed a "psychological evaluation" including a "Mental Status Examination" of Plaintiff on February 6, 2023. AR 2627. Dr. Russell's evaluation was based on an interview of Plaintiff at which he relayed information to Russell and Russell observed Plaintiff, finding hat he had average functioning on the Weschler Adult Intelligence Scale, adequate concentration and attention levels, and thought content and process within normal limits. AR 2627-29. Dr. Russell opined that Plaintiff had the mental capacity to maintain regular attendance in a work setting and did not have "criteria for any major depressive disorder or major anxiety disorder" nor "any thought disturbance that would impact his abilities to maintain employment." *Id*. at 2629. Dr. Russell also received reports from Plaintiff regarding his physical pains throughout various parts of his body and stated that Plaintiff had some "adjustment difficulties to life with chronic pain" and  "[g]iven his pain is present when he is standing and walking he would likely benefit from work responsibilities that involve him to be in a seated position." *Id*. Further, she observed his presentation to be "consistent, believable, and [that he] appears to be a credible candidate." *Id*. at 2627. In reviewing Dr. Russell's opinion, the ALJ recounted Dr. Russell's findings and observations as to Plaintiff's mental condition and concluded that her assessment was "persuasive,

5

as well as supported by the lack of complications noted at the time of the evaluation, and consistent with the entirely limited and outpatient treatment history noted throughout the remainder of the record." AR 25.

As the Magistrate Judge correctly concluded, Plaintiff's challenge is without merit. Plaintiff does not challenge the ALJ's persuasiveness analysis in its entirety but only as to Dr. Russell's physical limitations—but nothing requires an ALJ in performing a source level analysis to address every limitation of the medical source "so long as the reviewing court can ascertain the basis for the ALJ's findings." *Owens v. Kijakazi*, 2023 WL 2344224, at *3 (4th Cir. March 3, 2023). The Magistrate Judge rightly observed that "Dr. Russell based her opinion about Plaintiff's physical limitations entirely on Plaintiff's self-report. Dr. Russell neither physically examined Plaintiff nor reviewed his medical record." ECF 14 at 14-15. As such, it is entirely logical and understandable that Dr. Russell's sitting restriction was omitted from the ALJ's discussion and RFC determination because a medical doctor's memorialization of a patient's subjective complaint in medical records does not transform the subjective complaint into objective medical evidence. *See Craig v. Chater*, 76 F. 3d 585, 590 n.2 (4th Cir. 1996).

Moreover, this Court emphasizes that Dr. Russell is a doctor of <u>psychology</u> whose expressly stated object was to administer a "<u>psychological evaluation</u>" and "<u>mental status examination</u>" of Plaintiff—<u>not</u> to ascertain Plaintiff's physical condition or the effects of such on his work capabilities. AR 2627, 2629. Accordingly, 20 C.F.R. § 404.1520c(c)(4) permitted the ALJ to consider that Dr. Russell's opinion on Plaintiff's likely benefit from sitting work was not persuasive because it was outside of her area of medical specialization without any explanation at all,[3] and it is indeed obvious and ascertainable that such an opinion is not persuasive.

---

[3]     The prevailing regulations validly permit such omission. *Cross v. O'Malley*, 89 F. 4th 1211, 1216 (9th Cir. 2024) (Commissioner possessed "wide latitude" under Social Security Act to promulgate prevailing rules not requiring articulation of how ALJ accounted for "examining relationship" or "specialization factors").

6

Thus, Plaintiffs first objection fails.[4]

## B. Second Objection

Plaintiff next contends that the R&R erred because it did not "evaluat[e] the ALJ's compliance with 20 C.F.R. § 404.1529 and SSR 16-3p" and "appears to rely too heavily on the substantial evidence standard to the exclusion of adequately screening for legal error." *Id*. at 2–4. This object pertains to the R&R's determination, over Plaintiff's opening arguments, that the ALJ properly rejected Plaintiff's subjective allegations regarding his physical impairments as adequately explained and supported by substantial evidence. ECF 14 at 15-18.

The Magistrate Judge correctly articulated that the prevailing regulations require the ALJ to follow a "two-step process . . . when evaluating a claimant's subjective statements about his impairments and symptoms." *Ladda v. Berryhill*, 749 F. App'x 166, 170 (4th Cir. 2018) (citing 20 C.F.R. §§ 404.1529, 416.929); *see also* SSR 16-3p. "First, the ALJ considers the objective medical evidence to determine whether the claimant's medical impairments could reasonably be expected to produce the pain or other symptoms alleged." *Id*. (internal quotation marks omitted). "Second, the ALJ evaluates the intensity and persistence of the claimant's symptoms and determines the extent to which those symptoms limit the claimant's capacity for work." *Id*. (cleaned up). The second step requires the ALJ to "assess the credibility of the claimant's statements about symptoms and their functional effects." *Id*. In doing so, the ALJ is required to consider the "entire case record, including the objective medical evidence, the individual's own statements about symptoms, and statements by treating or examining physicians" and must "build an accurate and logical bridge from the evidence to his conclusion that the claimant's testimony was not credible." *Id*. (cleaned up).

---

[4]    The Court also notes that Dr. Russell's seating limitation was based entirely on Plaintiff's subjective reports of pain to her and, as discussed in the following section, such subjective reports were validly considered and determined noncredible by the ALJ.

In his prior briefing, Plaintiff argued that the ALJ determination that his "statements concerning the intensity, persistence, and limiting effects of [Plaintiff's] symptoms[5] are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision" is only supported by a "general summary of the evidence" but not any identified "genuine inconsistencies," nonconclusory statements, or adequate explanation by the ALJ. ECF 6 at 9–12; ECF 13 at 4-5. Plaintiff now argues that the Magistrate Judge's treatment of the issue eschews the need for adequate explanation and focuses instead on the existence of evidence. ECF 15 at 2-4. Plaintiff's arguments on both points are unavailing.

The ALJ properly performed both steps of the required analysis. There is no suggestion that the ALJ erred in finding that Plaintiff's medically determinable impairments could reasonably be expected to cause the symptoms he alleged. AR 29. As to the second step, the ALJ opinion both identified discrete, relevant evidence throughout the record that tended to undermine Plaintiff's subjective statements and provided a "reasonably discernible" rationale. *Kanjuette C. v. Bisinano*, 189 F. Supp. 3d 403, 411 (D. Md. 2026) (citing, e.g., *Mascio v. Colvin*, 780 F. 3d 632, 636-37 (4th Cir. 2015); *Britt v. Saul*, 860 F. App'x 256, 262 (4th Cir. 2021); *Garland v. Ming Dai*, 593 U.S. 357, 369 (2021)) (ALJ explanation need not be "elaborate or even sophisticated" but only provide "reasonably discernible" or "fathom[able] rationale in relation to the evidence in the record"). Namely, the ALJ cited "the conservative nature of [Plaintiff's] treatment, the lack of complications, and his documented ongoing functional capabilities" in ascertaining credibility. AR 31. The ALJ specifically pointed to medical records reflecting "full strength and intact sensation noted," "full ranges of motion in his extremities bilaterally," "[a]n MRI noted only mild

---

[5]    Plaintiff notes that he testified that he "has trouble with stairs due to his knee problems, that he has low back pain going down his legs into his feet, that the pressure on the nerves in his cervical spine causes neck pain that goes into his shoulder, [and] that he has residuals following foot surgery that, together with the back problems, make it difficult for him to stand for very long." ECF 6 at 10 (citing AR 49-52)

degenerative disk disease," "ranges of motion otherwise remained normal, and there were no noted focal neurologic deficits," "no signs of neurologic complications," "ongoing outpatient management of symptoms," "full range of motion in all joints," "cervical and lumbar spine irregularities . . . [but] no acute musculoskeletal or neurologic complications," and "treatment that was entirely conservative, routine, and outpatient."  AR 30–31. Moreover, the ALJ discussed Plaintiff's statements that he could "care for his personal hygiene needs, prepare frozen meals, wash his laundry, drive, shop for personal needs, manage his finances, communicate with friends, watch television, read, travel to the bowling alley once per week, and maintain regular medical appointments." *Id*. at 31. And, the ALJ's determinations concurred with that of the state agency experts he found persuasive, who similarly did not find that Plaintiff's cervical, lumber, and arthritic irregularities to impose acute restrictions in his ranges of motion, strength , or mobility. AR 31, 69–70, 74.

Thus, the ALJ concluded that the record did not support the alleged by Plaintiff, and it is fairly discernible to this Court that he did so because the degree of pain and difficulty alleged was contradicted by the capabilities indicated by the medical evidence and Plaintiff's living activities. Plaintiff's second objection fails.

## V.     CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that Plaintiff's Objections (ECF 15) are OVERRULED; and it is further

ORDERED that the R&R (ECF 14) is APPROVED and ADOPTED; and it is further

ORDERED that Defendant's Motion for Summary Judgment (ECF 9) is GRANTED; and it is further

ORDERED that Plaintiff's Motion for Summary Judgment (ECF 7) is DENIED: and it is further

9

ORDERED that the final decision of the Commissioner of the Social Security, denying Plaintiff disability insurance benefits for the period from October 9, 2021, through January 12, 2024, is AFFIRMED.

**IT IS SO ORDERED.**

The Clerk of Court is directed to enter judgment in Defendants' favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and to close this civil action.

/s/
_____
Hon. Michael S. Nachmanoff
United States District Judge

Alexandria, Virginia
June 9, 2026